El Pueblo de Puerto Rico, demandante y apelado, *v.* José Díaz John, acusado y apelante.

Núm. 12377.—*Sometido:* Febrero 11, 1948. *Resuelto:* Febrero 13, 1948.

*Víctor Rivera Colón,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

José Díaz John fué acusado ante la Corte de Distrito de San Juan de un delito de asesinato([1]) por haber dado muerte a Domingo Camacho, convicto por un jurado de homicidio voluntario y sentenciado por la corte a cumplir ocho años de presidio con trabajos forzados. No conforme con la sentencia apeló, y en este recurso sostiene que la corte inferior erró: (1) porque El Pueblo no identificó al occiso; (2) que la pena impuesta es excesiva y exagerada, y (3) porque la sentencia es contraria a la prueba presentada.

Arguye el apelante en cuanto al primer señalamiento que la única prueba en cuanto a la identificación de la víctima fué la declaración del Dr. Llovet, que practicó la autopsia, y quien se limitó a decir que supo que el cadáver era el de Domingo Camacho porque se lo dijo el policía insular que lo llevó al hospital. Si esa fuera toda la prueba presentada sobre la identidad del occiso tendría razón el apelante. Empero, el testigo Víctor Hernández declaró que Domingo Camacho vivía en el mismo cuarto con él; que presenció los hechos y vió cuando el acusado le dió con un palo

---

([1]) Al comenzar el juicio el fiscal anunció que iba a llevar el caso por un delito de asesinato en segundo grado.

y luego lo hirió con un cuchillo en el abdomen; que ayudó al policía a llevar al herido al cuartel y luego al hospital y que allí murió.

La declaración del médico, unida a la de este testigo, es prueba suficiente de la identificación del cadáver. *El Pueblo v. Marrero (a) Moncho,* 41 D.P.R. 951 donde resolvimos, copiando del sumario, que "Cuando el médico que practica la autopsia no tiene otro medio de identificar al interfecto que el informe que recibe del celador del cementerio donde se hallaba el cadáver, tal prueba unida a declaraciones de testigos de las cuales aparece la identificación del cadáver hasta donde es humanamente posible es suficiente."

 No se cometió el primer error señalado. Tampoco el segundo, ya que la pena de ocho años impuesta al apelante está dentro del límite establecido por el artículo 204 del Código Penal para el delito de homicidio voluntario. Nada encontramos en el récord que pueda justificar que intervengamos con la discreción de la corte inferior al imponer dicha pena, especialmente en un caso como el presente en el cual, de acuerdo con la prueba, el jurado pudo haberlo declarado culpable del delito de asesinato en segundo grado. La prueba de cargo, no controvertida por la defensa, demostró que el acusado debido a unas palabras que había tenido con Camacho por adeudarle éste siete dólares por el alquiler de la habitación, primero le dió en la frente con un palo a Camacho y cuando éste cayó al suelo, lo hirió con un cuchillo; que en ese momento Camacho estaba en estado de embriaguez y el acusado también había bebido, pero que Camacho no atacó ni agredió al acusado en forma alguna y estaba completamente desarmado.

Esta prueba, creída por el jurado, es suficiente para sostener el veredicto y la sentencia, no cometiéndose, por tanto, el tercer error.

*Debe confirmarse la sentencia apelada.*